1

2

3

4

5                                          *E-FILED - 9/30/09*

6

7

8

9                   IN THE UNITED STATES DISTRICT COURT

10                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

11   JOHNNIE E. JONES,                )        No. C 09-3757 RMW (PR)
                                      )
12              Plaintiff,            )        ORDER OF DISMISSAL
                                      )        WITH LEAVE TO AMEND
13        v.                          )
                                      )
14   DIRECTOR, BPH, et al.,           )
                                      )
15              Defendants.           )
     ─────────────────────────────────)

16

17        Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42

18   U.S.C. § 1983.  Plaintiff has been granted leave to proceed in forma pauperis in a separate order.

19   The court will DISMISS the complaint with leave to amend.

20                                  **DISCUSSION**

21   A.      Standard of Review

22        A federal court must conduct a preliminary screening in any case in which a prisoner

23   seeks redress from a governmental entity or officer or employee of a governmental entity.  See

24   28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss

25   any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or

26   seek monetary relief from a defendant who is immune from such relief.  See id. § 1915A(b)(1),

27   (2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police

28   Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

1   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

2   (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

3   the alleged violation was committed by a person acting under the color of state law.  See West v.

4   Atkins, 487 U.S. 42, 48 (1988).

5   B.   Plaintiff's federal claim

6       Plaintiff complaint states the following:

> On a prior commitment, plaintiff challenged a parole revocation on the
> grounds it violated the U.S. Const. and the Superior Court of San Joaquin
> ordered defendants to modify the parole revocation, from 12 to 8 mos.
> Defendants failed to make any modification to the parole revocation period
> and their omissions directly caused plaintiff to suffer false imprisonment
> between June and Sept. of 2005 and between Sept. and Dec. of 2006, as well
> as suffer mental anguish, loss of property, and loss of income in 2005, 2006,
> and 2007.  At this point, defendants have concealed evidence of their acts and
> omissions, and also refused to give any compelling reason for treating
> [plaintiff] so disparately on his previous commitment.

(Pet. at 3.)

    Liberally construed, plaintiff appears to allege a violation of a due process right to be free

from wrongful incarceration.[1]  See Cousins v. Lockyer, 568 F.3d 1063, 1073 (9th Cir. 2009).

However, plaintiff's complaint fails to provide a short and plain statement regarding this claim,

including the conduct of each individual defendant that he asserts is responsible for a

constitutional violation.  Plaintiff shall bear in mind that a complaint that fails to state the

specific acts of the defendant which violated the plaintiff's rights fails to meet the requirements

of Rule 8(a)(2) of the Federal Rules of Civil Procedure.  Hutchinson v. United States, 677 F.2d

1322, 1328 n.5 (9th Cir. 1982).

    However, district courts must afford pro se prisoner litigants an opportunity to amend to

correct any deficiency in their complaints.  Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir.

2000) (en banc).  Here, plaintiff must specifically identify what each named defendant did or did

not do in order to state a claim with regard to each claim.  Plaintiff must establish legal liability

of each person for the claimed violation of his rights.  Liability may be imposed on an individual

---

[1]  The court notes that plaintiff does not allege facts giving rise to a claim that defendants were deliberately indifferent to his extended detention, in violation of the Eighth Amendment.

1   defendant under section 1983 if the plaintiff can show that the defendant proximately caused the

2   deprivation of a federally protected right.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir.

3   1988).  Sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth

4   specific facts as to each individual defendant's" deprivation of protected rights.  Id.

5          In addition, as the complaint currently reads, plaintiff's allegations do not support a

6   theory of liability against defendants Matthew Cate, Secretary for the California Department of

7   Corrections and Rehabilitation; Jerry Brown, California Attorney General;[2] or the Director of the

8   Board of Prison Hearings based upon their personal participation or policymaking decisions.

9   Plaintiff appears to be attempting to sue these defendants in their capacity as supervisors.  A

10  supervisor may be liable under § 1983 upon a showing of personal involvement in the

11  constitutional deprivation or a sufficient causal connection between the supervisor's wrongful

12  conduct and the constitutional violation.  Redman v. County of San Diego, 942 F.2d 1435, 1446

13  (9th Cir. 1991) (en banc) (citation omitted).  A supervisor therefore generally "is only liable for

14  constitutional violations of his subordinates if the supervisor participated in or directed the

15  violations, or knew of the violations and failed to act to prevent them."  Taylor v. List, 880 F.2d

16  1040, 1045 (9th Cir. 1989).  Under no circumstances is there respondeat superior liability under

17  § 1983.  That is, under no circumstances is there liability under § 1983 solely because one is

18  responsible for the actions or omissions of another.  Id.

19         Accordingly, plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND.  If

20  plaintiff can in good faith allege facts to cure the pleading deficiencies he may add this

21  information to his amended complaint.  Within **thirty (30) days** from the date of this order,

22  plaintiff shall file an amended complaint.  The amended complaint must indicate which specific,

23

24         [2] Plaintiff is cautioned that a prosecutor performing an advocate's role is an officer of the
court and, therefore, entitled to absolute immunity.  See Buckley v. Fitzsimmons, 509 U.S. 259,

25  272-73 (1993).  Prosecutors therefore are absolutely immune from liability for their conduct as
"advocates" during the initiation of a criminal case and its presentation at trial.  See id.; Imbler v.

26  Pachtman, 424 U.S. 409, 431 (1976); see, e.g., Van De Kamp v. Goldstein, 129 S. Ct. 855, 857
(2009) (relying on Imbler to extend absolute immunity to prosecutors performing certain

27  administrative obligations related to the conduct of a trial).  For absolute immunity to apply, the
activities at issue must be "intimately associated with the judicial phase of the criminal process."

28  Imbler, 424 U.S. at 430.

1  named defendant(s) were involved, what each defendant did, what effect this had on plaintiff and
2  what right plaintiff alleges was violated.  Plaintiff may not combine multiple claims in a single
3  paragraph.  Neither may plaintiff submit a narrative of events.
4      The amended complaint supersedes the initial complaint.  The amended complaint may
5  not incorporate by reference any parts of the original complaint or filings in another action.  The
6  amended complaint must be a completely new and self-contained document.   Failure to file an
7  amended complaint in compliance with this order will result in dismissal of plaintiff's claims.
8  B.    State law claims
9      Plaintiff's complaint alleges several state law claims relating to his potential federal
10 claim.  Section 1983 does not impose liability for violations of duties of care arising out of state
11 tort law.  See DeShaney v. Winnebago County Social Servs. Dep't, 489 U.S. 189, 201-03
12 (1989); Baker v. McCollan, 443 U.S. 137, 146 (1979) (without more no action for false
13 imprisonment).  The Due Process Clause is not implicated by a state official's negligent act
14 causing unintended loss or injury to life, liberty, or property.  See Daniels v. Williams, 474 U.S.
15 327 (1986); Davidson v. Cannon, 474 U.S. 344 (1986).  However, "district courts shall have
16 supplemental jurisdiction over all other claims that are so related to claims in the action within
17 such original jurisdiction that they form part of the same case or controversy under Article III of
18 the United States Constitution."  28 U.S.C. § 1367(a).
19     A review of plaintiff's complaint demonstrates that he fails to provide a short and plain
20 statement regarding these claims as well.  Accordingly, as with his federal claim, the court will
21 GRANT plaintiff leave to amend to allege any pendent state law claims with specificity, if he
22 can do so in good faith.
23                              **CONCLUSION**
24     For the foregoing reasons, the court hereby orders as follows:
25     1.    Plaintiff's complaint is DISMISSED with leave to amend.
26     3.    Plaintiff shall file an AMENDED COMPLAINT within **thirty days** from the date
27 this order is filed to cure the deficiencies described above.  The amended complaint must include
28 the caption and civil case number used in this order (09-3757 RMW (PR)) and the words

1    AMENDED COMPLAINT on the first page.  Plaintiff may not incorporate material from the

2    prior complaint by reference.  **Failure to file an amended complaint within thirty days and in**

3    **accordance with this order with result in dismissal of these claims.**

4           4.     Plaintiff is advised that an amended complaint supersedes the original complaint.

5    "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged

6    in the amended complaint."  London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981).

7    Defendants not named in an amended complaint are no longer defendants.  See Ferdik v.

8    Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

9           5.     It is the plaintiff's responsibility to prosecute this case.  Plaintiff's must keep the

10   court informed of any change of address by filing a separate paper with the clerk headed "Notice

11   of Change of Address," and must comply with the court's orders in a timely fashion.  Failure to

12   do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule

13   of Civil Procedure 41(b).

14          IT IS SO ORDERED.

15   DATED:  _9/29/09_____

16                                                       _____
                                                         RONALD M. WHYTE
                                                         United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28

Order of Dismissal with Leave to Amend
P:\PRO-SE\SJ.Rmw\CR.09\Jones757dwla.wpd          5